Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington.

_____ January 15 , 20 25
                Ravi Subramanian, Clerk
By_____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRANDEN TRAGER and <br> MAYHEM SERVICES, LLC, <br> Defendants. | CASE NO.    **CR 25 - 005 LK** <br><br> **INDICTMENT** <br><br> 18 U.S.C. § 2 <br> 18 U.S.C. § 371 <br> 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B) |

The GRAND JURY charges that at all times material to this Indictment:

### DEFENDANTS

1.    **BRANDEN TRAGER** was a U.S. citizen residing in Brush Prairie,

Washington, and the registered owner and agent of **MAYHEM SERVICES, LLC**.

2.    **MAYHEM SERVICES, LLC,** ("**MAYHEM**") was a business

incorporated in the State of Washington with its headquarters in Brush Prairie,

Washington. **MAYHEM** was in the business of organizing and providing guides for

hunting and fishing trips in the Pacific Northwest.

INDICTMENT-1
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

3.      **MAYHEM**, acting through its agents and employees, including **TRAGER**, who were acting within the scope of their agency and employment for the intended benefit, at least in part, of **MAYHEM**, did conspire to illegally guide bird-hunting trips in Canada and illegally take and transport migratory birds in Washington.

4.      Co-conspirator #1 ("CC1"), who is known to the Grand Jury, ran a taxidermy business in Delta, British Columbia, Canada. CC1 assisted **TRAGER** and **MAYHEM** guide hunts in Canada and received money to taxidermy birds and export them to the United States.

## REGULATORY BACKGROUND

5.      The Lacey Act was the nation's oldest wildlife protection law. The Lacey Act made it unlawful for any person, including a corporation, to knowingly import, export, transport, sell, receive, acquire, or purchase any wildlife taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States. 16 U.S.C. §§ 3372(a)(1), 3373(d). The Lacey Act further prohibited any person to import, export, transport, sell, receive, acquire, or purchase in foreign commerce any wildlife taken, possessed, transported, or sold in violation of any foreign law. 16 U.S.C. § 3372(a)(2)(A).

6.      Under the Lacey Act, it was deemed a sale or purchase for a person for money or other consideration to offer or provide guiding, outfitting, or other services; or a hunting license or permit for the illegal taking, acquiring, receiving, transporting, or possessing of wildlife. 16 U.S.C. § 3372(c).

INDICTMENT-2
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

7.    The Migratory Bird Treaty Act ("MBTA") implemented U.S. treaties with Canada, Japan, Mexico, and Russia to ensure sustainable populations of migratory birds. The MBTA made it unlawful, at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill, possess, offer for sale, sell, offer to barter, barter, offer to purchase, purchase, deliver for shipment, ship, export, import, cause to be shipped, exported, or imported, deliver for transportation, transport or cause to be transported, carry or cause to be carried, or receive for shipment, transportation, carriage, or export, any migratory bird native to the United States or its territories without a permit. 16 U.S.C. § 703.

8.    "Take" meant to pursue, hunt, shoot, wound, kill, trap, capture, or collect, or attempt to do the same. 50 C.F.R. § 10.12.

9.    Under the MBTA it was illegal:

      a.    to take migratory game birds from or by means, aid, or use of any motor vehicle or motor-driven land conveyance. 50 C.F.R. § 20.21(d).

      b.    to take migratory game birds by any means or aid of any motor-driven land, water, or air conveyance, or any sailboat used for the purpose of or resulting in the concentrating, driving, rallying, or stirring up of any migratory bird. 50 C.F.R. § 20.21(h)

INDICTMENT-3
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

c.  to take in any one calendar day more than the daily bag limit or possess more migratory game birds taken in the United States than the possession limit. 50 C.F.R. §§ 20.24, 20.33.

d.  to kill or cripple any migratory game bird without making a reasonable effort to retrieve the bird, and retain it in their actual custody, at the place where taken or between that place and either (a) their automobile or principal means of land transportation; or (b) their personal abode or temporary or transient place of lodging; or (c) a migratory bird preservation facility; or (d) a post office; or (e) a common carrier facility. 50 C.F.R. § 20.25.

e.  to transport, possess, or have in custody any migratory game bird or part thereof taken in violation of the MBTA. 50 C.F.R. §§ 20.31, 20.41.

f.  to transport migratory birds belonging to another person unless such bird was tagged as required 50 C.F.R. § 20.42.

10.  Every migratory game bird wounded by hunting and reduced to possession by the hunter was to be immediately killed and become part of the daily bag limit. 50 C.F.R. § 20.38.

11.  The harlequin duck (*Histrionicus histrionicus*) was a small sea duck with a habitat ranging from Alaska to California. Hunters prized the harlequin as a taxidermy trophy or to complete a challenge to hunt all North American waterfowl species.

INDICTMENT-4
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1    12.    The Washington Division of Fish and Wildlife closed harlequin hunting for

2  the 2022 – 2023 season, prohibiting any take or harvest. Wash. Admin. Code 220-416-

3  060 (2022).

4    13.    It was lawful in British Columbia, Canada, for hunters to take two

5  harlequins per day during the 2022 – 2023 season. British Columbia Wildlife Act

6  ("B.C.W.A."), Hunting Regulation § 12(a)(vi).

7    14.    British Columbia law regulated the hunting and guiding of hunts for birds:

8        a.  All birds listed in the Migratory Birds Convention Act, which

9            included the harlequin, were listed as game birds. B.C.W.A.,

10           Designation and Exemption Regulation § 14(b). Game birds were

11           classified as small game. *Id.* § 15(j).

12       b.  It was unlawful for a person to guide for game or offer to guide for

13           game unless they held a guide outfitter license or accompanied or

14           assisted a person to hunt game birds or small game on land other

15           than Crown land. B.C.W.A. §§ 48(1)(a), (d).

16       c.  A British Columbia guide outfitter license was only eligible for

17           Canadian citizens or permanent residents. B.C.W.A. § 51(1)(a)(i).

18       d.  A "guide" meant a person who, for compensation or reward received

19           or promised, accompanied and assisted another person to hunt

20           wildlife, but did not include a guide for fish. B.C.W.A. § 1(1).

21

INDICTMENT-5
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1          e.  A "guide outfitter" meant a person licensed as a guide outfitter under

2            this Act. *Id.*

3    //

4    //

5    //

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

INDICTMENT-6
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1

## COUNT 1
## CONSPIRACY
(All Defendants)

2

3     15.    Paragraphs 1 through 14 of the Grand Jury's Indictment are incorporated

4  herein by reference as if set forth in their entirety

5  ### THE CONSPIRACY

6     16.    Beginning on a date no later than August 24, 2022, and continuing to at

7  least January 22, 2023, in the Western District of Washington, and elsewhere,

8       **BRANDEN TRAGER** and **MAYHEM SERVICES, LLC,**

9  defendants herein, knowingly combined, conspired, confederated, and agreed with CC1

10  and others known and unknown to the Grand Jury, to commit an offense against the United

11  States, that is: to knowingly import, export, transport, sell, receive, acquire, and purchase

12  in interstate or foreign commerce any wildlife taken, possessed, transported, and sold in

13  violation of any foreign law, in violation of the Lacey Act, Title 16, United States Code,

14  Sections 3372(a)(2)(A), 3373(d)(1)(A).

15  ### OBJECT OF THE CONSPIRACY

16     17.    The object of the conspiracy was to profit by illegally guiding hunters in

17  Canada and charging to taxidermy the harvested birds.

18  //

19  //

20  //

21

INDICTMENT-7
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1       **MANNER AND MEANS OF THE CONSPIRACY**

2       18.    The manner and means by which **TRAGER, MAYHEM,** and their co-

3   conspirators sought to accomplish the object and purpose of the conspiracy included,

4   among others, the following:

5       19.    In furtherance of the conspiracy and to effect the illegal object thereof,

6   **TRAGER, MAYHEM,** and co-conspirators guided hunts in British Columbia, Canada,

7   for the harlequin and other birds without the required guide outfitter license.

8       20.    In furtherance of the conspiracy and to effect the illegal object thereof,

9   **TRAGER, MAYHEM,** and co-conspirators received cash, checks, and electronic

10   payments in exchange for guiding waterfowl hunting trips in Washington and Canada.

11       21.    In furtherance of the conspiracy and to effect the illegal object thereof,

12   **TRAGER, MAYHEM,** and co-conspirators transported hunters across the Washington

13   border to and from Canada.

14       22.    In furtherance of the conspiracy and to effect the illegal object thereof,

15   **TRAGER, MAYHEM,** and co-conspirators guided hunts in Canada by driving to

16   hunting locations, piloting a boat, placing decoys, retrieving shot birds, arranging

17   lodging, and other means.

18       23.    In furtherance of the conspiracy and to effect the illegal object thereof,

19   **TRAGER, MAYHEM,** and co-conspirators accepted money to taxidermy birds hunted

20   in Canada and export them to the United States.

21

INDICTMENT-8
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1

## OVERT ACTS

2      24.      In furtherance of the conspiracy and in order to effect the object thereof,

3    **TRAGER**, **MAYHEM**, and their co-conspirators committed the following overt acts,

4    among others, in the Western District of Washington, and elsewhere:

5          **Overt Act 1:** On or about August 24, 2022, **TRAGER** and CC1 exchanged text

6    messages about hunting in Canada and exporting birds to the United States.

7          **Overt Act 2:** On or about October 30, 2022, CC1 sent a text message to

8    **TRAGER** detailing hunting locations in British Columbia, Canada.

9          **Overt Act 3:** On or about November 8, 2022, **TRAGER** and a freelance guide

10   hired by **MAYHEM** traveled from the Western District of Washington to Canada to

11   scout hunting locations.

12   Hunting Trip #1

13         **Overt Act 4:** On or about November 14, 2022, **TRAGER** drove hunters from

14   Washington to Canada, crossing the border near Blaine, Washington.

15         **Overt Act 5:** On or about November 15, 2022, **TRAGER** led a hunting group in

16   British Columbia, Canada, resulting in the shooting of birds.

17         **Overt Act 6:** On or about November 16, 2022, **TRAGER** and CC1 exchanged

18   text messages about providing CC1 with birds to taxidermy.

19         **Overt Act 7:** On or about November 16, 2022, CC1 charged hunters to taxidermy

20   birds and export them to the United States.

21

INDICTMENT-9
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

**Overt Act 8:** On or about November 18, 2022, **TRAGER** deposited a check for $3,900 for the balance owed for Hunting Trip #1.

Hunting Trip #2

**Overt Act 9:** On or about December 8, 2022, CC1 sent **TRAGER** a text message with details about a partnership to guide hunters in Canada on a regular basis.

**Overt Act 10:** On or about December 9, 2022, **TRAGER** sent CC1 a reply text message stating that he had clients booked for the next few years and he can get hunters.

**Overt Act 11:** On or about December 9, 2022, **TRAGER** and **MAYHEM** purchased a lodging reservation in Canada for Hunting Trip #2.

**Overt Act 12:** On or about December 14, 2022, **TRAGER** drove hunters from Washington to Canada, crossing the border near Blaine, Washington.

**Overt Act 13:** On or about December 15, 2022, **TRAGER**, CC1, and a freelance guide hired by **MAYHEM** led a hunting group in British Columbia, Canada, resulting in the shooting of birds.

**Overt Act 14:** On or about December 15, 2022, CC1 charged hunters to taxidermy birds and export them to the United States.

**Overt Act 15:** On or about December 19, 2022, **TRAGER** deposited $3,940 cash in Washington as a fee for Hunting Trip #2.

**Overt Act 16:** On or about December 19, 2022, **TRAGER** posted a message on **MAYHEM**'s social media account stating in substance that he hunted with CC1 in

INDICTMENT-10
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

Canada with U.S. hunters and hoped to add Canadian hunts to **MAYHEM**'s trips the next season.

Hunting Trip #3

    **Overt Act 17:** On or about January 13, 2023, **TRAGER** drove hunters from Washington to Canada, crossing the border near Blaine, Washington.

    **Overt Act 18:** On or about January 13, 2023, **TRAGER** falsely told a British Columbia conservation officer that he was not being paid to lead a hunt in Canada.

    **Overt Act 19:** On or about January 14, 2023, **TRAGER** led a hunting group in British Columbia, Canada, resulting in the shooting of birds.

    **Overt Act 20:** On or about January 14, 2023, CC1 charged hunters to taxidermy birds and export them to the United States.

    **Overt Act 21:** On or about January 14, 2023, **TRAGER** told a Homeland Security Investigations special agent at the border near Blaine, Washington, that he was hunting with buddies in Canada.

    **Overt Act 22:** On or about January 15, 2023, **TRAGER** deposited a check for $1,450 from a hunter to pay the balance owed for Hunting Trip #3.

    **Overt Act 23:** On or about January 17, 2023, **TRAGER** deposited $1,360 cash in Washington as a fee for Hunting Trip #3.

    **Overt Act 24:** On or about January 19, 2023, **TRAGER** deposited $1,900 and $480 cash in Washington as a fee for Hunting Trip #3.

All in violation of Title 18, United States Code, Section 371.

INDICTMENT-11
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1

## COUNT 2
## Lacey Act Trafficking

2

3    25.    Paragraphs 1 through 14 of the Grand Jury's Indictment are incorporated

4    herein by reference as if set forth in their entirety.

5    26.    On or about January 6 - 8, 2023, in the Western District of Washington,

6    defendants **TRAGER** and **MAYHEM** did knowingly engage in conduct that involved

7    the sale and purchase of, and the offer of sale and purchase of, wildlife with a market

8    value in excess of $350, and did knowingly transport said wildlife knowing that said

9    wildlife was taken and possessed in violation of, and in a manner unlawful under, any

10   law, regulation, and treaty of the United States, specifically the MBTA, 16 U.S.C. § 703,

11   and 50 C.F.R. §§ 10.12, 20.21(d), 20.21(h), 20.24, 20.25, 20.31, 20.33, 20.38, 20.41,

12   20.42.

13   All in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B),

14   and Title 18, United States Code, Section 2.

15   //

16   //

17   //

18

19

20

21

INDICTMENT-12
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1

## FORFEITURE ALLEGATION

2    The allegations contained in Counts 1 and 2 of this Indictment are hereby

3 realleged and incorporated by reference for the purpose of alleging forfeiture. Upon

4 conviction of an offense alleged in Counts 1–2, BRANDEN TRAGER and MAYHEM

5 SERVICES, LLC shall forfeit to the United States, pursuant to Title 16, United States

6 Code, Section 3374, by way of Title 28, United States Code, Section 2461(c), all fish or

7 wildlife or plants imported, exported, transported, sold, received, acquired, or purchased

8 contrary to the provisions of Title 16, United States Code, Section 3372 or any regulation

9 issued pursuant thereto, and all vessels, vehicles, aircraft, and other equipment used to aid

10 in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of

11 fish or wildlife or plants. This property includes, but is not limited to:

12    a.    a 2003 Ford Excursion Limited with Vehicle Identification Number

13        ending 2304; and

14    b.    a 2022 Alumaweld Columbia boat with Vehicle Identification Number

15        ending H122.

16    c.    a 2022 Alumaweld Rogue galvanized trailer with Vehicle Identification

17        Number ending 9260.

18    Upon conviction of an offense alleged in Courts 1-2, BRANDEN TRAGER and

19 MAYHEM SERVICES, LLC shall also be liable for all costs incurred for the storage,

20 care, and maintenance of wildlife seized in connection with the offense, pursuant to

21

INDICTMENT-13
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1 | Title 16, United States Code, Section 3374(c), by way of Title 28, United States Code,

2 | Section 2461(c).

3 | //

4 | //

5 | //

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321

1    **Substitute Assets.** If any of the above-described forfeitable property, as a result of

2    any act or omission of the defendant,

3          a.    cannot be located upon the exercise of due diligence;

4          b.    has been transferred or sold to, or deposited with, a third party;

5          c.    has been placed beyond the jurisdiction of the Court;

6          d.    has been substantially diminished in value; or,

7          e.    has been commingled with other property which cannot be divided

8                  without difficulty,

9    it is the intent of the United States to seek the forfeiture of any other property of the

10   defendant, up to the value of the above-described forfeitable property, pursuant to

11   Title 21, United States Code, Section 853(p).

12   A TRUE BILL: Yes 1/15/2025

13   *Signature of Foreperson redacted pursuant*
     *to the policy of the Judicial Conference of*
14   *the United States.*

15   _____
     FOREPERSON

16

17   TODD KIM
     Assistant Attorney General
     U.S. Department of Justice
18   Environment and Natural Resources Division

19   *Ryan C.*

20   RYAN C. CONNORS                          SARAH BROWN
     Senior Trial Attorney                    Trial Attorney
21   U.S. Department of Justice               U.S. Department of Justice
     Environmental Crimes Section             Environmental Crimes Section

INDICTMENT-15
*United States v. Branden Trager, et al.*
USAO No. 2023R00105

ENVIRONMENT AND
NATURAL RESOURCES DIV.
150 M STREET, NE
WASHINGTON, DC 20002
(202) 305-0321