# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff(s),<br>　v.<br><br>BRANDEN TRAGER et al.,<br><br>　　　　　Defendant(s). | CASE NO. 2:25−cr−00005−LK<br><br>STANDING ORDER FOR ALL CRIMINAL CASES |

**PROCEDURES FOR ALL CRIMINAL CASES**

This Order sets forth the procedures that govern all criminal cases assigned to this Court. The procedures supplement the Federal Rules of Criminal Procedure and Local Criminal Rules of the United States District Court for the Western District of Washington. Failure to comply with the procedures set forth in this Order may result in sanctions. The terms of this Order shall have the force and effect of orders of the Court from this date forward.

**CONTENTS**

I. Motions .................................................................................................................. 2
　A. Citations Should be in the Body of the Brief, Not in Footnotes ............................ 2
　B. General Motions Practice ................................................................................. 2
　C. Motions to Continue Trial Date and/or Pretrial Motions Deadline ....................... 2
　D. Motions in Limine ........................................................................................... 2
II. Criminal Trials ....................................................................................................... 2
　A. Criminal Jury Impanelment Procedures ............................................................ 2
　B. Frequently Used Criminal Forms ..................................................................... 3
III. Supervised Release Violation Hearings ................................................................. 4
IV. Guidance for Pro Se Litigants in Criminal Cases .................................................... 4
V. Questions or Suggestions Regarding this Standing Order ........................................ 4

## I. Motions

### A. Citations Should be in the Body of the Brief, Not in the Footnotes

The Court prefers that citations be included in the body of the briefing, not in the footnotes, with the exceptions of citations for explanatory footnotes.

### B. General Motions Practice

All motions, including motions to continue the trial date, shall be made prior to the pretrial motions deadline.

In multi−defendant cases, prior to filing any motion, counsel are directed to consult with all other counsel, including counsel for all codefendants, to determine whether the motion can either be stipulated or brought jointly.

### C. Motions to Continue Trial Date and/or Pretrial Motions Deadline

Prior to filing a motion to continue a trial date, counsel is directed to contact the Court's courtroom deputy, Natalie Wood, by email at natalie_wood@wawd.uscourts.gov to verify that the parties' proposed new trial date is acceptable to the Court. The Court typically sets the pretrial motions deadline six weeks before trial.

All motions to continue the trial date except stipulated and unopposed motions shall be accompanied by a waiver of speedy trial beyond the proposed new trial date by the longer of (1) three weeks beyond the noting date of the motion or (2) two weeks beyond the requested trial date. While not dispositive on the issue, the Court will not grant a motion to continue a trial date that is not opposed by defense counsel's client(s) until a speedy trial waiver has been filed.

Counsel must file motions to continue in a timely manner. For example, absent good cause, motions to continue the pretrial motions deadline must be filed before that deadline; "a failure to timely raise a pretrial objection required by Rule 12, absent showing of good cause, constitutes a waiver." *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (cleaned up).

### D. Motions in Limine

All motions in limine must be filed by the deadline set for pretrial motions.

***Motions in limine contained in a trial brief that could have been brought by the pretrial motions deadline will be stricken.***

## II. Criminal Trials

### A. Criminal Jury Impanelment Procedures

This summary is provided to acquaint counsel with the procedure for impaneling a criminal jury in Judge King's court.

Before a jury panel is brought into the courtroom, counsel will be given copies of the juror information forms. These forms contain basic information about each prospective juror. Counsel will also receive a list of jurors in the order that they will be seated. The list, and therefore the order in which the jurors are seated, has been randomized by computer. The jurors will have been assigned a juror number and been seated according to that number.

The initial voir dire examination is done by the Court, using the Court's general voir dire questions, which the Court will provide to the parties prior to trial. The Court will briefly describe the case to the panel, will ask counsel to introduce themselves and defendant(s), and will ask counsel to read the lists of witnesses to be called.

The Court will use questions to screen for hardship and familiarity with the case and witnesses. Questions proposed by counsel in advance of trial may also be used. The questions are asked of the entire panel, and any juror whose answer would be "yes" or "probably yes" is asked to raise their juror number. The Court and lawyers may make note of that juror's number for possible follow–up questions.

When the court has finished asking questions of the entire panel, counsel for each side may ask questions of the whole panel, of individual jurors, or both. Each party is limited to time limits set forth by the Court in advance. Counsel are permitted to ask for additional time if they believe they need it.

The jury will consist of twelve members and one or more alternates. The jurors will be the panelists with the lowest numbers remaining after all challenges have been exercised. Alternates will be selected by random drawing at the end of the case, just prior to the commencement of deliberations.

After counsel's voir dire is completed, the parties may challenge for cause. Absent extraordinary circumstances, this is done during a recess. The Court will not indicate to the panel who made a challenge for cause. For example, the court may simply say "Juror No. 3 is excused," or "There are no challenges for cause that will be sustained."

The next step is peremptory challenges. The government will normally have six challenges, and the defense will have ten. A form is provided which counsel, starting with the government, pass back and forth and on which they write down their peremptory challenges. When each side has completed its challenges (or waived any further challenges), the form is signed and given to the clerk. The deputy clerk then reads the names and numbers of the jurors who will remain and places them in the jury box. The jury is sworn and impaneled and the other panelists are thanked and excused.

This method of impanelment usually produces a jury rapidly and fairly. Counsel are free to request modifications of this procedure.

**B.    Frequently Used Criminal Forms**

The example forms below can be found on https://www.wawd.uscourts.gov/judges/king–procedures:

- Pretrial Conference Checklist (Criminal Jury Trial)

- Peremptory Challenge Form

### III.  Supervised Release Violation Hearings

Each party shall file its supervised release sentencing memorandum no later than five days in advance of the evidentiary and/or disposition hearing on a supervised release violation.

### IV.  Guidance for Pro Se Litigants in Criminal Cases

The following links may be helpful to those representing themselves in criminal matters:

- Local Criminal Rules for the Western District of Washington can be found at https://www.wawd.uscourts.gov/local-rules-and-orders

- Federal Rules of Criminal Procedure can be found at: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-criminal-procedure

- To inquire into a lawyer referral, pro se parties can contact either the Washington State Bar Association at www.wsba.org or the King County Bar Association at www.kcba.org

### V.  Questions or Suggestions Regarding this Standing Order

Parties may submit questions on, or suggestions for improvement to, this Standing Order to natalie_wood@wawd.uscourts.gov. If the party has a case before the Court, all parties must be copied on the message. The Court may address the matter on the record as appropriate.

Dated this 21st day of February, 2025.

_Lauren King_
Lauren King
United States District Judge