UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>BRANDEN TRAGER, et al.,<br><br>    Defendants. | CASE NO. 2:25-cr-00005-LK<br><br>REQUEST FOR SUPPLEMENTAL BRIEFING REGARDING PLEA OF GUILTY |

   This matter comes before the Court sua sponte. The Report and Recommendation of United States Magistrate Judge David W. Christel recommends that Defendant Branden Trager be adjudged guilty of "the charge contained in Count 1 of the Superseding Information." Dkt. No. 29 at 1–2. Count 1 of the Superseding Information charges Mr. Trager with "violation of Title 16, United States Code, Sections 3372(a)(1), 3372(a)(2)(A), 3372(a)(4), and 3373(d)(2), and Title 18, United States Code, Section 2." Dkt. No. 23 at 2. In his Plea Agreement, Mr. Trager pleads guilty to "the charge contained in the Superseding Information," i.e., "Lacey Act Trafficking, in violation of Title 16, United States Code, Sections 3372 and 3373." Dkt. No. 26 at 1. The Plea Agreement

REQUEST FOR SUPPLEMENTAL BRIEFING REGARDING PLEA OF GUILTY - 1

does not specify the subsections to which Mr. Trager pleads guilty, nor does it specify that he is pleading guilty to any violation of Title 18.

Finally, Section 16 of the Plea Agreement states that Mr. Trager waives his rights to appeal or collaterally attack the sentence imposed by the Court, "*provided* [that] the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range)[.]" Dkt. No. 26 at 9–10 (emphasis added). Section 16 also states that "[i]f Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking . . . [the] sentence in *any way*, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement." *Id.* at 10 (emphasis added). Given the former language, it appears reasonable to construe the latter language to mean that if Mr. Trager appeals or collaterally attacks the sentence *on a basis encompassed within the scope of the waiver* (e.g., he appeals a *within-or-below-Guidelines sentence* in any way), the United States may prosecute him as stated.

The Court accordingly requests that the parties submit supplemental briefing regarding its ability to accept this plea agreement within 14 days of the date of this Order. Alternatively, the parties can correct the plea agreement to address the deficiencies.

Dated this 5th day of August, 2025.

*Lauren King*
Lauren King
United States District Judge