UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>BRANDEN TRAGER, et al.,<br><br>                Defendants. | CASE NO. 2:25-cr-00005-LK<br><br>REQUEST FOR SUPPLEMENTAL BRIEFING REGARDING PLEA OF GUILTY |

      This matter comes before the Court sua sponte. The Report and Recommendation of United States Magistrate Judge David W. Christel recommends that Defendant Mayhem Services, LLC be adjudged guilty of "the charge contained in Count 1 of the Superseding Information." Dkt. No. 30 at 1–2. Count 1 of the Superseding Information charges Mayhem Services with "violation of Title 16, United States Code, Sections 3372(a)(1), 3372(a)(2)(A), 3372(a)(4), and 3373(d)(2), and Title 18, United States Code, Section 2." Dkt. No. 23 at 2. In Mayhem's Plea Agreement, the "Defendant" pleads guilty to "the charge contained in the Superseding Information," which is subsequently defined as "Lacey Act Trafficking, in violation of Title 16, United States Code,

REQUEST FOR SUPPLEMENTAL BRIEFING REGARDING PLEA OF GUILTY - 1

Sections 3372 and 3373." Dkt. No. 27 at 1. The Plea Agreement does not specify the subsections to which the "Defendant" pleads guilty, nor does it specify that the "Defendant" is pleading guilty to any violation of Title 18. Furthermore, the only Defendant identified in the Plea Agreement is Defendant Branden Trager, *id.* at 1, 12, who has a separate plea agreement; Mayhem Services is not identified as the pleading Defendant anywhere in the document, *see generally id.*

Finally, Section 16 of the Plea Agreement states that the "Defendant" waives its rights to appeal or collaterally attack the sentence imposed by the Court, "*provided* [that] the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range)[.]" Dkt. No. 27 at 9–10 (emphasis added). Section 16 also states that "[i]f Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking . . . [the] sentence in *any way*, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement." *Id.* at 10 (emphasis added). Given the former language, it appears reasonable to construe the latter language to mean that if Mayhem Services appeals or collaterally attacks the sentence *on a basis encompassed within the scope of the waiver* (e.g., it appeals its *within-or-below-Guidelines sentence* in any way), the United States may prosecute it as stated.

The Court accordingly requests that the parties submit supplemental briefing regarding its ability to accept this plea agreement within 14 days of the date of this Order. Alternatively, the parties can correct the plea agreement to address the deficiencies.

Dated this 5th day of August, 2025.

Lauren King
United States District Judge

REQUEST FOR SUPPLEMENTAL BRIEFING REGARDING PLEA OF GUILTY - 2